**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

UNITED STATES OF AMERICA,   )   Indictment No.: 1:20-cr-00123-WMR-LTW-1
                            )
    vs.                     )   **MOTION TO SUPPRESS EVIDENCE**
                            )   **AND STATEMENTS**
DION MARQUISE HAYES,        )
                            )
    Defendant.              )
_____)

     COMES NOW, the Defendant, Dion Hayes, by and through his attorney of record, and moves to suppress all evidence seized as a result of the search of his cell phone that was seized from his person at the time of his arrest on March 9, 2020[1]. Additionally, Mr. Hayes moves to suppress any and all statements made by him to federal agents in Detroit, Michigan following his arrest in this matter[2].

     The motion is based on this notice and motion, all previously filed motions, the following memorandum of points and authorities, the Fourth and Fifth amendments to the United States Constitution, all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

     Defendant Hayes in support thereof, shows as follows:

---

[1] Mr. Hayes has been provided a copy of the Application and Search Warrant for his phone, but has not yet been provided any discovery related to the return of the search warrant, specifically, a copy of the download of the phone. Several written requests for this discovery have been made.

[2] Mr. Hayes has been provided a report indicating that a recorded statement was made on the day of his arrest in this matter, but has not yet been provided a copy of that recording.

1.

That on March 10, 2020, Special Agent Brett J. Brandon obtained a search warrant from Judge David R. Grand, United States Magistrate Judge for the Eastern District of Michigan by providing an affidavit (search warrant and affidavit attached hereto as Exhibit A). The search warrant allowed for the search of an Apple iPhone that was seized from Mr. Hayes person at the time of his arrest on March 9, 2020 in Detroit, Michigan.

2.

That the affidavit contained therein a detailed description of the facts and information that S.A. Brandon relied upon in pursuing the search warrant.

3.

That said search warrant was invalid and the search was therefore unconstitutional because, (1) it was issued without probable cause as the information provided by the Affiant was untimely and stale, and (2) it lacked probable cause entirely as the justifications in the affidavit were attenuated and misleading and the information sought could have been easily obtained through other, less intrusive means.

4.

The allegation in the Indictment of this case is that Mr. Hayes possessed a firearm on November 8, 2019 at Stoddard's gun range in Atlanta, Georgia. According to the affidavit in support of the search warrant, agents were able to view surveillance from the gun range as well as review documents and social media posts in order to justify the arrest warrant for Mr. Hayes. At this time,

Mr. Hayes has not been provided any information regarding why the investigation took four months nor any other report indicating the reason for the delay.

As to the issue of staleness; a magistrate must consider time as an element of probable cause when issuing a warrant. The search warrant application "must reveal facts that make it likely that the items being sought are in that place when the warrant issues." United States v. Harris, 20 F.3d 445, 450 (11th Cir. 1994). "Staleness is an issue which must be decided on the peculiar facts of each case." United States v. Bervaldi, 226 F.3d 1256, 1264 (11th Cir.2000). "The length of time between the date on which all of the facts supporting probable cause were known and the date the warrant was issued is ... one factor." United States v. Domme, 753 F.2d 950, 953 (11th Cir.1985).

In the case at bar, the affidavit does not contain any information that was obtained near in time to the issuance of the warrant. The alleged activity that was described occurred nearly four months prior to the affidavit and there was nothing mentioned in the affidavit indicating the reason for the delay. There is no mention or facts offered to support any claim that Mr. Hayes was engaging in any ongoing criminal conduct or that this incident was anything other than a singular moment in time. Further and most importantly, there is nothing to indicate the cell phone was utilized by Mr. Hayes at the time of the alleged activity or that he even owned the cell phone at the time of the alleged activity. There is a complete lack of connection or nexus between the alleged crime and the cell phone that they searched pursuant to the search warrant. The search warrant appears to be a fishing expedition by agents hoping that if Mr. Hayes went to a gun range once, four months prior, they might find additional incriminating information on his phone they could use to build some other case against him. This is an unacceptable use of a search warrant.

Without timely information indicating certain specific evidence would be found in Mr. Hayes' phone, rather than pure speculation, there was no probable cause for the warrant that was issued and therefore the search was unconstitutional.

5.

Compounding the issue of the staleness of the agent's claims, there is simply a lack of probable cause to search Mr. Hayes' cell phone articulated in the affidavit as a whole. Whether an affidavit is sufficient to establish probable cause is subject to a "totality-of-the-circumstances analysis." <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). As stated above, the affidavit makes speculative and boilerplate statements without any real nexus to evidence or information gained from the investigation. Additionally, several of the factors the agent uses to justify the search warrant are intentionally misleading in violation of <u>Franks v. Delaware</u>, 438 U.S. 154 (1978). Specifically, the agent notes that they may be able to retrieve social media information from the phone because Mr. Hayes' was "tagged" in another person's Instagram account and that they may be able to retrieve a "GPS footprint" from the search of the phone; such statements were misleading to the Magistrate. The agent, with his stated expertise, would know that such information is not locally stored in a phone and can easily be retrieved via law enforcement subpoena to cell phone provider or the applicable social media companies. The affidavit repeatedly makes such misleading claims. Removing any references to such items sought that (in addition to being irrelevant to the crime alleged) could be easily retrieved through other means and not likely to be found in the phone itself makes the affidavit wholly devoid of probable cause and invalid.

6.

Mr. Hayes also seeks to suppress any statements that he may have made following his arrest on March 9, 2020 because they were not made voluntarily and/or with a knowing understanding of the rights afforded to him under Miranda v. Arizona, 384 U.S. 436 (1966). The Government bears the burden of proving that statements made by a defendant were done so voluntarily. Jackson v. Denno, 378 U.S. 368 (1984). The reports provided to Mr. Hayes in discovery indicate that he made a post-arrest statement while en route to the United States Marshals Service that was recorded by S.A. Brandon on his cell phone. Although Mr. Hayes has not yet been provided a copy of that recording, based on the report, the statement was made in violation of his Fifth Amendment rights and must be suppressed.

## **CONCLUSION**

Therefore, since the warrant was issued without probable cause, the subsequent search of the cell phone was in violation of Mr. Hayes' Fourth Amendment rights; all evidence obtained as a result must be suppressed.

Therefore, since Mr. Hayes' was questioned after being placed under arrest, but without a Miranda waiver, any statements he made were involuntary and in violation of his Fifth Amendment rights and must be suppressed.

          Respectfully submitted,

          s/*Marissa Goldberg*_____
          Marissa Goldberg
          Georgia Bar No. 672798

s/<i>Drew Findling</i>_____<br>
Drew Findling<br>
Georgia Bar No. 260425

The Findling Law Firm
One Securities Centre
3490 Piedmont Road
Suite 600
Atlanta, Georgia 30305
404.460.4500

MOTION TO SUPPRESS EVIDENCE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STATE OF GEORGIA, | ) Indictment No. 1:20-cr-00123-WMR-LTW-1 |
| vs. | ) |
| DION MARQUISE HAYES, | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing Motion:

MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

By electronic service:

>Ryan Buchanan
>U.S. Attorney's Office-ATL

This 14th day of December, 2020

>Respectfully Submitted,
>
>s/*Marissa Goldberg*_____
>Marissa Goldberg
>Georgia Bar No. 672798